DAN COLEMAN, Appellee, v. JAMES TIERNEY, Appellant.

TRIAL: Verdict—Disregard of Instructions—False Imprisonment. Verdicts clearly contrary to the instructions will be reversed. So held in an action for damages for false arrest.

*Appeal from Clinton District Court.*—F. D. LETTS, Judge.

SATURDAY, NOVEMBER 17, 1917.

ACTION by plaintiff to recover damages alleged to have been sustained by reason of the false arrest and imprisonment of the plaintiff by defendant. Trial to a jury, and verdict and judgment for plaintiff for $175. Defendant appeals.—*Reversed.*

*H. M. Havner,* Attorney General, and *C. A. Robbins,* Assistant Attorney General, for appellant.

No appearance for appellee.

PRESTON, J.—Defendant is a deputy game warden of the state, and arrested plaintiff August 26, 1915, without a warrant. At the time of plaintiff's arrest, he was in company with one Dynes, both being on the shore of Daley's Lake, a part of the

TRIAL: verdict: disregard of instructions: false imprisonment.

public waters of the state, and emptying into or connecting with the Mississippi River. Two seines of considerable length, one, according to the testimony of plaintiff, about 175 to 200 yards long and 10 to 14 feet deep, were, at the time of or shortly before the arrest, being handled by the plaintiff and Dynes on the shore of the lake, within a few feet of the water's edge. At this time, one witness says, the plaintiff and Dynes were so handling the nets within 16 feet of the edge of the water,—according to the testimony of another witness, within 5 or 6 feet. Plaintiff and Dynes had also a boat. At the time of plaintiff's arrest, according to defendant's witnesses, both he and Dynes admitted that they were fishing, and, when asked by defendant what they were doing, said "Fishing a little."

Plaintiff testified that he had been fishing in this lake with a seine, the night before and the night before that, and that, on one of these nights, they caught 150 pounds of fish, and the other night, about 100 pounds. Plaintiff denies that he had been fishing, the night in question.

Plaintiff and Dynes were discovered in the situation before described, and the arrest was made in the nighttime. Defendant had discovered the seines in a wet condition, about one o'clock in the afternoon prior to the arrest. On the morning of the day following the arrest, the county attorney was informed thereof, and advised that no information be filed, and advised the justice before whom plaintiff had been taken that no information would be filed. Under this evidence, it seems to be undisputed that plaintiff and Dynes were in possession of the seines within 10 rods of the water's edge, contrary to Section 2540, Supplement to the Code, 1913. The nets were seized and destroyed by the defendant. Other officers were with him. Defendant cites Section 2539, Code Supplement, 1913, also, as authority for defendant's doing what he did do without a warrant, for a

violation of the fish laws committed in his presence. It is true, doubtless, that, under the evidence, plaintiff was not fishing at the exact time of the arrest, but he had been, not long before, and was there for the purpose of again unlawfully using the seine, and would have done so had he not been arrested. The evidence before referred to is not, of course, all the evidence, but is the substance of it.

The trial court instructed the jury:

"5. You are instructed that, since the defendant arrested the plaintiff without a warrant, that such arrest was wrongful, unless the defendant had authority of the law for making the arrest. For this reason the burden of proof is placed upon the defendant in this case to prove by the preponderance,—that is, the greater weight,—of the evidence, he was justified in doing what he did in arresting the plaintiff. To do this he must establish by the preponderance of the evidence that the plaintiff, at the time of his arrest, was found in the act of violating some law enacted for the propagation and protection of fish. If defendant has so established that the plaintiff, at the time of his arrest, was found in the act of violating some law of this state enacted for the propagation and protection of fish, he then had a right to arrest the plaintiff without a warrant, and the plaintiff cannot recover of him any damages because of such arrest or imprisonment following such arrest. If defendant has failed to prove that the plaintiff was found in the act of violating some law of the state enacted for the propagation and protection of fish, then the plaintiff will be entitled to recover of the defendant the damages which he has suffered because of his arrest, as will be later explained in these instructions.

"6. In determining whether or not the plaintiff was in the act of violating some law of the state enacted for the propagation and protection of fish, you should consider where he was at the time, who was with him, the size of the

seines which he was handling, who they belonged to and what plaintiff had to do with them, the presence of any boat or lantern, who they belonged to and why they were there, whether or not the plaintiff had recently violated any of the laws of this state for the propagation and protection of fish; and from these and all other facts and circumstances as shown by the evidence in the case, you should determine whether or not the defendant has justified his act in arresting the plaintiff as herein explained. Upon this question you are instructed that, if the defendant had, on two different nights shortly before his arrest, unlawfully used a seine in Daley's Lake, and if you further find from the evidence that he was on the banks of said lake on the evening of his arrest, with one or more seines and a boat, and was there for the purpose of again unlawfully using the seine, he, in law, is regarded as then doing the unlawful act, and if the defendant, as a reasonably prudent person, had reason to believe that plaintiff was in the act of using a seine unlawfully in said lake, or was about to so engage, he had a right and duty to then arrest plaintiff, and he cannot be held for any damage because thereof."

Appellant does not complain of either of these instructions. They are the law of the case.

Other errors are assigned, but the principal point is that the verdict is contrary to the evidence and is contrary to the instructions. It seems to us that, under this record, it needs no discussion to show that plaintiff did not make out a case, and that the verdict is contrary to the instructions.—*Reversed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.